GeebN, J.
delivered the opinion of the court.
This action is brought to recover seventy-five dollars, the price of making a pavement fronting the lot of the plaintiff in error, in the town of Franklin.
In 1837, the legislature passed a law amendatory of the Act incorporating said town, which in the 12th sec. provides that “the mayor and aldermen of Franklin shall have the power to cause foot pavements and sidewalks to be constructed in the streets of said town, and on the public square, by the owner or owners of lots adjoining the same; and if the owner or owners of any lot shall fail, to comply with the provisions of such bye-law or ordinance within such time as may be prescribed thereby, the mayor and aider-men may contract with some suitable person or persons for the construction or repair of the same, and pay therefor; and the amount paid by said corporation shall constitute a charge against the owner or owners of the lot or lots, to be recovered by suit in the name and for the use of the corporation, before the corporation court, or before any circuit court or justice of the peace.”
Subsequently to the passage of this law, to wit, on the 24th March, 1838, the mayor and aldermen of Franklin passed an ordinance, in which it was enacted that, “It shall be the duty of every owner of a lot or part of a lot on Main street, *372 and on Main Cross street, from the square to the intersection of Bridge street on the north, and Church street on the south, to cause a neat and substantial pavement of. brick eight feet wide, to be made and kept in repair in the street and along the whole front of his or her or their lot, with a sufficient stone or cedar curbing, which pavement shall descend three inches from the front of the lot to the curbing. If any person shall fail to make said pavement in front of his or her lot before the first day of September, 1839, it shall be the duty of the high constable to cause the same to be done, and to institute suit in the name of the corporation for the costs thereof.”
The plaintiff in error was the owner of lot No. 83, in the town of Franklin, fronting on Main Cross street between the public square and Church street, and failing to make the pavement as required by the ordinance, after having been notified to do so, the high constable of the town proceeded to construct the pavement as required, at a cost of seventy-five dollars, which was paid by the corporation, and to recover which, this action is brought. A verdict and judgment were rendered against Maberry, in the circuit court, and he appealed to this court.
It is now contended that this ordinance is in the nature of a tax levied on the owners of lots, and as such, that it is unconstitutional, because it is unequal. We do not think that this law levies , a tax. A tax is a sum which is required to be paid by the citizen annually for revenue for public purposes. But this ordinance levies no sum of money to be paid by the citizens. It requires a duty to. be performed for the well being and comfort of the citizens of the town. It is in the nature of a nuisance to be removed. And if an ordinance were to require that each owner of a lot in town should remove nuisances from his lot, and on failure to do so the town constable should remove the nuisance, and the party should pay the expense of the work, it would hardly be suggested that the expense so incurred would be a tax. And yet such a case is in principle analagous to the one before us. The ordinance' in question is therefore, not unconstitutional on the ground of being an unequal tax.
*373 2. But it is said that this ordinance is unequal in its operation, oppressive in its requirements, and therefore void. It appears from the evidence that several adjacent lots were worth, with improvements, from $2500 to $1000, and that the lot in question, was unimproved and worth only four hundred dollars. It was also proved that the pavement enhanced the value- of the lot, but that the increased value was not equal to the cost of the pavement. Upon these facts we do not think this ordinance oppressive, and for that reason void. The duty required to be performed, although of some advantage to all other inhabitants of the town, is also of peculiar benefit to the party who is owner of the lot. The evidence is, that the street near the lot in question was uneven, and in wet weather very muddy and disagreeable to pass. A side-walk well paved, would therefore add greatly to the comfort of all who might pass that way, and the owners of the lots would share largely in the advantages it would afford. The ordinance is general in its character, operating on all persons owning property on the particular streets designated. The plaintiff in error derived a benefit from the operation of the law, not only in the comfort his own pavement afforded, but from the pavements' made by other persons who owned lots in town. The fact that these pavements exist must add to the value of property in that town, and in the general appreciation of property the plaintiff .in error will derive a proportional advantage. But it is said that this lot is unimproved and is of much less valué than the improved lots, the pavements in. front of which cost more than the one in question, and that for this inequality the ordinance is void. It may be replied that lots in a town are valuable only because they are convenient sites for the erection of buildings or other improvements; and should the plaintiff in error construct improvements as valuable as those on the lots of his neighbors, the inequality of this burden would cease. Besides perfect equality of burdens cannot be attained in public regulations. If the corporation law had required that every man in the town should labor a given number of days in repairing the streets, no one would imagine such law void for inequality and oppression; and *374 yet in that case the inequality of burden would be the same in principle as that here complained of, for these pavements might have been constructed by the labor of the citizens so exacted. Does it follow that because one man’s lot may be less impróved, and therefore less valuable than that of another, he is less benefited by the construction of streets and side walks? Not at all. On the contrary, the reverse may be the fact. He whose lot is least valuable, may from the peculiar circumstances of his family derive much more benefit from such means of comfortable passage through the town, than his more wealthy neighbors. Mere inequality in the value of the lots does not, therefore, establish the proposition, that in making the pavements of equal extent, the burdens were unequal. We think then, there is no such inequality in the case before us as to constitute such oppression as must exist before a corporation law is void for that cause. And this view of the subject is taken in other States. In Goddard’s case, 16 Pick. R. 505, the supreme court of Massachusetts held an ordinance of the city of Boston valid that required the tenant, and in case there be no tenant, the owner of any building or lot of ground bordering on any street, court, or public place within the city where there is any foot-way or side-walk, to cause snow to be removed therefrom, and in default thereof to pay not less than one nor more than four dollars.
This case is in point and supports the reasoning above advanced.